# DLF | THE DUGGER LAW FIRM PLLC

*Cyrus E. Dugger, Esq.*
*154 Grand St., New York, NY 10013*
*Tel: (646) 560-3208*
*www.theduggerlawfirm.com*

September 16, 2015

**Via ECF**
The Honorable James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Agerbrink v. Model Service LLC d/b/a MSA Models et al.*, No. 14 Civ. 7841 (JPO)(JCF)

Dear Judge Francis:

    I represent Plaintiff Eva Agerbrink, the putative class, and the putative collective in the above-referenced litigation, and write to request a conference regarding the potential extension of the current discovery and briefing schedules. Such an extension is warranted because of Defendants' counsel's apparent misrepresentations concerning the size of the putative class.

    As Your Honor may recall, during the initial pretrial conference held on July 29, 2015, Defendants' counsel Evan J. Spelfogel stated to the Court, while arguing in support of a truncated discovery schedule, that the putative class consists of approximately sixty members (with an additional twelve purportedly subject to arbitration agreements).

    While that number sounded surprisingly low to Plaintiff's counsel, as I stated to the Court, I had no reason to doubt Mr. Spelfogel's representation to the Court given his clients' direct access to the relevant information. Nonetheless, I did ask that Mr. Spelfogel confirm whether his calculation included the entire class liability period for claims under the New York Labor Law, which extends from September 26, 2008 through the present. He confirmed that it did.

    Based in part on Mr. Spelfogel's representation, the Court stated that Plaintiff's counsel's requested discovery deadline cut-off of approximately May 2016 appeared excessive, and asked Plaintiff's counsel to propose a more truncated schedule. Plaintiff's counsel thereafter proposed, and the Court accepted, a discovery cut-off of February 29, 2016. The deadlines for motions for conditional certification, November 16, 2015, and for class certification, May 31, 2016, were also agreed to in light of Mr. Spelfogel's representation regarding the size of the putative class.

    On August 10, 2015, after re-reviewing Defendant MSA Model's public website, which appeared to contain approximately one hundred and eighty *current* MSA fit models, Plaintiff's

counsel requested additional information from Defendants clarifying the basis of their calculations regarding the size of the putative class. Defendants declined to provide any response to this inquiry.

As a result, on August 24, 2015, Plaintiff filed a request for a conference concerning Defendants' July 29 representation to the Court that the putative class consisted of only sixty members. Plaintiff alternatively requested that the Court order Defendants to respond to Plaintiff's prior August 10, 2015 requests for information concerning the basis of Defendants' calculation of the size of the putative class. ECF No. 38. The next day, the Court ordered Defendants to respond to Plaintiff's requests for information as if they were formal discovery demands, by September 9, 2015. ECF No. 39.

On September 15, 2015, Plaintiff received Defendants' tardy response by U.S. mail. In spite of the Court's August 25 Order, Defendants objected to seven of Plaintiff's eights requests in their entirety, and otherwise refused to furnish any responsive information or completely respond to the requests.[1] Nevertheless, Defendants' sole partial substantive response makes clear that Mr. Spelfogel significantly misstated the size of the putative class to the Court during the July 29 initial pretrial conference.

In fact, contrary to Mr. Spelfogel's representation that the putative class consisted of sixty (or seventy-two) individuals throughout the entire liability period beginning September 26, 2008, MSA Model's Chief Operating Officer Bill Ivers states in his verified response that "approximately *1,250 models* signed an agreement concerning fit modeling from November 2010 to the present." *See* Defendants' Model Service LLC d/b/a Models and Susan Levine's Responses and Objections to Plaintiff's First Discovery Requests Made by Letter on August 10, 2015, Ex. A (emphasis added). In other words, Mr. Spelfogel underestimated the size of the putative class by approximately *1,178 members*.[2] Indeed, given that the liability period extends to September 26, 2008, not November 2010, this discrepancy is likely much larger.[3]

---

[1] Plaintiff's counsel is in the process of attempting to meet and confer with Defendants prior to moving to compel based on these deficiencies. These inappropriate objections to the provision of basic class information, even after Court intervention on this point, are highly concerning.

[2] This discrepancy cannot be explained by the purported exclusion of possible class members based on the alleged application of an arbitration agreement, since Mr. Spelfogel already claimed to have accounted for such members in his representation to the Court. Similarly, Mr. Spelfogel cannot rightly argue that his estimate relied on any purported releases of claims, since the waiver of FLSA claims requires court approval (and any release of claims following the filing of the initial class action complaint are potentially subject to Court intervention based on the circumstances of how any such release was obtained). Moreover, Plaintiff counsel's investigation strongly suggests that Defendants did not utilize class action waivers in their modeling contracts prior to the filing of the initial complaint on September 26, 2014.

[3] It is unclear why Defendants only provided information from November 2010 despite

The current discovery and briefing schedules, which were conceived and agreed to based on Mr. Spelfogel's representation that the putative class consists of only sixty members, are likely unworkable given an actual putative class of approximately 1,178 members (and a correspondingly larger potential collective).

Accordingly, Plaintiff respectfully requests a conference with the Court concerning the potential extension of the current discovery and briefing schedules.

Respectfully submitted,

Cyrus E. Dugger

cc: (via ECF)

Ronald M. Green
Evan J. Spelfogel
Jamie F. Friedman

---

Plaintiff's request for information from September 26, 2008.

# Exhibit A

Ronald M. Green
rgreen@ebglaw.com
Evan J. Spelfogel
espelfogel@ebglaw.com
Jamie F. Friedman
jfriedman@ebglaw.com
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177
(212) 351-4500
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
EVA AGERBRINK, individually and on behalf of all : 14 Civ. 7841 (JPO)(JCF)
others similarly situated, :
                                Plaintiff, : **DEFENDANTS MODEL**
                                  : **SERVICE LLC d/b/a MODELS**
                 - against - : **and SUSAN LEVINE'S**
                                 : **RESPONSES AND**
MODEL SERVICE LLC d/b/a Models and SUSAN : **OBJECTIONS TO**
LEVINE, : **PLAINTIFF'S FIRST**
                                 : **DISCOVERY REQUESTS**
                          Defendants. :: **MADE BY LETTER ON**
------------------------------------- x **AUGUST 10, 2015**

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendants Model Service LLC ("MSA Models") and Susan Levine ("Levine"), (collectively "Defendants"), and the Order issued by Judge Francis on August 25, 2015 that required Defendants to respond to questions in Plaintiff's August 10, 2015 letter as if those questions were formal discovery demands, by and through their attorneys, Epstein Becker & Green, P.C., hereby responds to Plaintiff's Discovery Demands of August 10, 2015 herein. As the questions are phrased as requests for information, they are herein treated as interrogatories.

       The responses set forth herein are made without waiving the following:

1. Defendants' right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground to the use of any information or documents that may be produced in response to these requests, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action.

2. Defendants' right to object, on any and all grounds at any time, to other interrogatories or requests or other discovery procedures involving or relating to the subject matter of the interrogatories responded to herein.

3. Defendants' right at any time to supplement, revise, correct, or clarify any of the responses or objections to these requests.

## GENERAL OBJECTIONS

1. Defendants object to Plaintiff's Interrogatories to the extent that they seek information that is not relevant to any claim or defense in this action.

2. Defendants object to Plaintiff's Interrogatories to the extent that they are overly broad, excessive and impose an undue burden upon Defendants.

3. Defendants object to Plaintiff's Interrogatories to the extent that they are unreasonably vague and ambiguous.

4. Defendants object to Plaintiff's Interrogatories to the extent they seek information that is protected from disclosure by the Attorney-Client Privilege or the Attorney Work Product Doctrine, because it was prepared in Anticipation of Litigation or by any other recognized privilege against disclosure. Inadvertent identification or production of any such information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Defendants' right to object to the use of any information contained therein during any subsequent proceeding.

5. Defendants object to Plaintiff's Interrogatories as unduly burdensome to the extent they seek information that is readily or more easily accessible to Plaintiff, or information in Plaintiff's possession, and the burden of producing such information is substantially the same or less for Plaintiff as for Defendants.

6. Defendants object to Plaintiff's Interrogatories to the extent that they seek information concerning matters outside the applicable limitations period or other appropriate period for discovery.

7. Defendants object to Plaintiff's Interrogatories to the extent that Plaintiff's Instructions exceed the scope of what is permitted under the Federal Rules of Civil Procedure and Local Rule 33.3 of this Court.

8. Defendants object to Plaintiff's Interrogatories on the grounds that they are overly broad and unduly burdensome to the extent they seek information from sources that are not reasonably accessible because of undue burden and cost, including but not limited to backup data, legacy data, retired hardware or software, or damaged media. Processing such media would require substantial investment of time and expense and would largely duplicate responsive information that has been or otherwise will be produced. Defendants object to Plaintiff's requests on the grounds that they are overly broad, unduly burdensome, harassing, and oppressive, including but not limited to the extent that it purports to require Defendants to search through an unduly large number of documents and/or sources of electronically stored information or to search for electronically stored documents or information that are not reasonably accessible, without imposing an undue burden and cost upon Defendants. The responses made herein are based on Defendants' reasonable investigation and search for

responsive information from sources of potentially relevant documents that are reasonably accessible.

9. Defendants object as Plaintiff's Interrogatories are overly broad, interlocking, repetitive and overlapping. As a result, information identified pursuant to a particular request may be responsive to one or more other requests as well.

These General Objections are incorporated by reference into each of Defendants' responses as though fully set forth therein.

## DISCOVERY REQUESTS

### Interrogatory No. 1:

Provide the reason(s) why any of the above-referenced MSA fit models are not, in your opinion, putative class members.

### Response to Interrogatory No. 1:

This interrogatory appears to relate to a list of persons contained in Plaintiff's August 10, 2015 Letter. Defendants object to this interrogatory on the grounds that it seeks an opinion, and seeks information that is subject to the attorney-client privilege and which constitutes attorney work product, is vague and ambiguous, is not relevant to the claims or defenses of either party, and exceeds the scope of Local Rule 33.3.

Notwithstanding and without waiving these objections, the question of whether the referenced models are putative class members will be addressed at the appropriate phase of litigation as determined by the Court's orders and other relevant factors.

### Interrogatory No. 2:

Provide the details of your calculation of sixty class members (seventy-two including those with arbitration agreements) and whether this calculation excluded any type of fit model and/or fit modeling, and if so, for what reason.

Response to Interrogatory No. 2:

Defendants object to this interrogatory on the grounds that it seeks information that is subject to the attorney-client privilege and constitutes attorney work product, is not relevant to the claims or defenses of either party, and exceeds the scope of Local Rule 33.3.

Notwithstanding and without waiving these objections, Defendants state that the calculation of sixty class members, or seventy-two class members including those with arbitration agreements, was a calculation made with a good faith basis to believe its veracity based on information available at the time, and further states that the calculation, whether correct or inadvertently incorrect, is not prejudicial to, or binding on, Plaintiff.

Request No. 3

Provide the total number of models who signed an agreement concerning fit modeling with MSA with a contract term covering any portion of the time period September 26, 2008 through July 29, 2015.

Response to Request No. 3

Defendants object to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses of either party, is unduly burdensome, and is not easily or readily accessible.

Notwithstanding and without waiving these objections, Defendants state that approximately 1,250 models signed an agreement concerning fit modeling from November 2010 to the present. As Defendants continue to review their books and records, supplemental responses will be furnished to Plaintiff.

Request No. 4

Provide the total number of models who signed an agreement concerning any type of modeling with MSA with a contract term covering any portion of the time period September 26, 2008 through July 29, 2015.

Response to Request No. 4

Defendants object to this interrogatory on the grounds that it seeks information that is not relevant to the claims or defenses of either party, is unduly burdensome, and is not easily or readily accessible.

Request No. 5

Provide whether your calculation excludes any class member because of a purported release of claims executed prior to the filing of the original complaint on September 26, 2014, and if so, the number of fit models your calculation excludes from the putative class on this ground, as well as the number of such releases that were court-approved.

Response to Request No. 5

Defendants object to this interrogatory on the grounds that it seeks information that is subject to the attorney-client privilege and constitutes attorney work product, is vague and ambiguous as to what "calculation" is referred to, is not relevant to the claims or defenses of either party, and it exceeds the scope of Local Rule 33.3.

Notwithstanding and without waiving these objections, Defendants state that the information furnished herein does not exclude individuals who are parties to releases of claims.

Request No. 6

Provide whether your calculation excludes any class member because of a purported release of claims executed subsequent to the filing of the complaint on September 26, 2014, and if so, the number of fit models your calculation excludes from the putative class on this ground, as well as the number of such releases that were court-approved.

Response to Request No. 6

Defendants object to this interrogatory on the grounds that it seeks information that is subject to the attorney-client privilege and constitutes attorney work product, is vague and ambiguous as to what "calculation" is referred to, is not relevant to the claims or defenses of either party, and it exceeds the scope of Local Rule 33.3.

-6-

Notwithstanding and without waiving these objections, Defendants state that the information furnished herein does not exclude individuals who are parties to releases of claims.

### Request No. 7

Provide whether your calculation excludes MSA models whose contract has the "all areas" field box checked, but not the "fit modeling" field box checked, and if so, the number of such fit models your calculation excludes from the putative class.

### Response to Request No. 8

Defendants object to this interrogatory on the grounds that it seeks information that is subject to the attorney-client privilege and constitutes attorney work product, is vague and ambiguous as to what "calculation" is referred to, is not relevant to the claims or defenses of either party, and it exceeds the scope of Local Rule 33.3.

Notwithstanding and without waiving these objections, Defendants state that the information furnished herein does not exclude individuals whose contract has the "all areas" field box checked.

Dated: New York, New York
September 9, 2015

EPSTEIN BECKER & GREEN, P.C.

By: /S JAMIE F. FRIEDMAN
   Ronald M. Green
   rgreen@ebglaw.com
   Evan J. Spelfogel
   espelfogel@ebglaw.com
   Jamie F. Friedman
   jfriedman@ebglaw.com
250 Park Avenue
New York, New York 10177-1211
Tel: (212) 351-4500
*Attorneys for Defendants*

To: Cyrus E. Dugger
    154 Grand Street
    New York, New York 10003
    *Attorney for Plaintiff*

## VERIFICATION

I, William Ivers, Chief Operating Officer of MSA Models, declares under the penalty of perjury that I have read the foregoing Responses and Objections to Plaintiff's First Set of Interrogatories to Defendants, and that the Answers are true and correct to the best of my knowledge and information, and based upon my review of records and my communications with others.

By: _____
WILLIAM IVERS