

EPSTEIN
BECKER
GREEN

Attorneys at Law

Evan J. Spelfogel
t  212.351.4539
f  212.878.8600

May 2, 2017

**VIA ECF**

The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Eva Agerbrink v. MSA Models and Susan Levine, 14 Civ. 7841 (JPO)(JCF)</u>

Dear Judge Francis:

Epstein Becker & Green, P.C. represents defendants MSA Models ("MSA"), Susan Levine and William Ivers (collectively "Defendants") in connection with the referenced matter. We write to request clarification or relief from the Court's October 27, 2015 Memorandum and Order ("Order") (Dkt # 53) (copy attached).  This concerned an email message from Defendant Ivers to Putative Class members in connection with Court approved notices being sent to them asking if they wished to opt-in to the FLSA collective action.  The Order imposed certain requirements on Defendants' communications with members of the putative class.  It did not appear to impose such requirements on counsel for Defendants.  We have conferred with Plaintiff's counsel on this matter.  He stated that the Order should remain in effect in all respects and we should seek clarification from the Court as to whether it applied to Defendants' counsel.

1.   **Restrictions on Defendants' Communications with Putative Class Members**

The Court specifically stated in its Order that Defendant Ivers' e-mail did not contain threats, did not imply that Defendants would retaliate against fit models who speak with

The Honorable James C. Francis
May 2, 2017
Page 2

Plaintiff's counsel or choose to join the lawsuit, and did not suggest that fit models should decline to participate in the litigation to protect their relationship with Defendants. However, the Court found that the e-mail had the *potential* to mislead putative class members and chill their participation in the lawsuit. Dkt # 53, at 11. As a result, the Court ordered that Defendants were required to: (1) send a Corrective Notice by e-mail to all recipients of Defendant Ivers' subject e-mail within seven days of the date of the Order; (2) produce to Plaintiff Agerbrink within 30 days of the Order any and all correspondence between Defendant Ivers and members of the putative class pertaining to the litigation; and (3) transmit in writing any and all communications to potential opt-ins pertaining to the litigation. Dkt # 53, at 26.

Defendants have satisfied all of their obligations pursuant to the Order to date. Defendants now seek relief from the portion of the Order that requires Defendants to limit the form of their communications with members of the putative class to writing. Defendants should be allowed fully and adequately to pursue their defense of this litigation, including opposing Plaintiff's expected motion for class certification, briefing the parties' expected cross-motions for summary judgment, as well as trying the case. Restricting Defendants' communications with putative class members at this stage of litigation hinders Defendants' ability effectively to prepare their defense of the merits of the lawsuit.

Defendants' communications with members of the putative class will be limited to objective fact finding and discussions concerning the putative class members' respective contractual relationships, day to day work experiences and the economic realities of the work they performed with Defendant MSA as fit models. Defendants will not engage in any coercive

The Honorable James C. Francis
May 2, 2017
Page 3

communications, concerning discussion of Defendants' views toward Plaintiff's likelihood of

success on the merits of her claims or putative class members' participation in the lawsuit.

We submit that potential coercive effect, if any, would be greatly outweighed by the

substantial prejudice to Defendants if the Court were not to relieve Defendants of significant

restrictions of the Order.   "Both parties need to be able to communicate with putative class

members — if only to engage in discovery regarding issues relevant to class certification ….The

rule proposed by Plaintiffs — which would in essence grant named plaintiffs and their counsel a

monopoly on *ex parte* communications with putative class members from the outset — would be

manifestly unjust and unfair."  *See, e.g., Austen v. Catterton Partners*, 831 F. Supp. 2d 559, 567

(D. Conn. 2011).

To the extent the Court still has concerns over the content of Defendants'

communications with members of the putative class, Defendants propose that they maintain a list

of all members of the putative class with whom they communicate prior to class certification,

and submit that list to the Court and Plaintiff's counsel after motions for class certification and

summary judgment are fully briefed.  This process would allow Defendants to communicate with

putative class members in furtherance of their defense, while maintaining full transparency with

plaintiff's counsel.  A similar approach was followed by District Judge Mark R. Kravitz of the

United States District Court of Connecticut. *See, e.g. Austen*, 831 F.Supp.2d at 570 (among other

limited restrictions imposed on <u>both</u> parties, the court required that "counsel for both parties shall

keep detailed lists of all the putative class members that they contact prior to certification, and

shall submit those lists to the Court when a class certification motion is eventually filed in this

case.").

The Honorable James C. Francis
May 2, 2017
Page 4

**2.   Communications Between Counsel for Defendants and Putative Class Members**

Defendants request confirmation that the Court's Order does not extend to communications about the pending litigation between counsel for Defendants and members of the putative class.  The Order states, "[a]ll future communications by the defendants to potential opt-in plaintiffs about the litigation shall be in writing."  Dkt # 53, at 26. The Order does not state or suggest that any of the foregoing requirements with respect to communicating with putative class members extend to counsel for Defendants.  Furthermore, the Court's Corrective Notice ("Notice") which the Court appended to its Order, specifically states that attorneys representing either party may contact potential opt-in plaintiffs about the lawsuit.  *See* Dkt # 53, at 29[1].

We request clarification that the Order does not limit Defendants' counsel communicating with fact witnesses who are putative class members.   Judicially imposed restrictions on communications by counsel with potential class members must be based on a "clear record" demonstrating "a likelihood of serious abuses," *Gordon v. Kaleida Health*, 737 F. Supp. 2d 91, 96 (W.D.N.Y. 2010) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-104 (1981) (order restricting class counsel's communication with prospective class members constituted abuse of discretion in absence of specific findings of abuse by class counsel)). *see also Forauer v. Vt. Country Store, Inc.*, 2013 U.S. Dist. LEXIS 164167 *1, 16 (D. Vt. 2013) (quoting *Austen*, 831 F. Supp. 2d at 567 (D. Conn. 2011) ("[T]he principles set forth in *Gulf Oil* and other cases

---

[1] The Court's Notice, which was distributed to the putative members of the collective, states that, "Attorneys representing the plaintiff and/or MSA may contact you about this lawsuit.  It is up to you whether to communicate with them.  You will not suffer any negative consequences for speaking with plaintiff's attorney.  If you communicate with MSA's lawyers, those communications may not be confidential and could be used in this case."

The Honorable James C. Francis
May 2, 2017
Page 5

regarding a district court's authority to impose restrictions on communications with putative class members apply to restrictions on plaintiffs' communications and defendants' communications alike.")).

There is no basis for any judicially imposed restrictions on Defendants' counsel's communications with the putative class members and there has never been a question or challenge raised with respect to counsel's communications, much less any evidence of inappropriate communications.  Further, it would be prejudicial to impose restrictions only upon Defendants' counsel and allow Plaintiff's counsel unfettered access to putative class members in the prosecution of this action.

For the foregoing reasons, Defendants respectfully request the specified relief from the Court's Order.  Thank you for Your Honor's attention to this matter.

Respectfully Submitted,

/s/ Evan J. Spelfogel

Evan J. Spelfogel

Via ECF:

cc: Cyrus E. Dugger